MEYER S. DREIFUS

 VS No. 8223

MOTOR PARTS CO.

April 10th, 1922.

MEYER S. DREIFUS

 VS No. 8223

MOTOR PARTS CO.

### CHARLES F. CLAIBORNE, JUDGE.

Plaintiff claims from defendant an automobile which he left with him to be repaired.

Defendant admits that plaintiff is the owner of the automobile, but claims that he has a right to detain it for the following reason: that the plaintiff telephoned to him to call at his residence for an automobile and to repair the same; that defendant sent for same and hauled it to his shop; that the plaintiff called at his shop and instructed him to make the necessary repairs, which defendant did; that the labor and materials furnished by defendant are worth $120 which plaintiff refused to pay; that he is entitled to detain said automobile until said bill is paid.

By an amended petition plaintiff claimed $15 damages for injury to the tire and to the battery caused by defendant, and for $10 a day illegal detention of the car by defendant.

There was judgment in favor of defendant for $36.52. He has appealed.

In his reasons for judgment the learned trial judge says: "that the proper and just cost for the repair is $36.52. The difference between the just cost for repair and $120.72 claimed is $84.20. This $84.20 is for labor. x x x This charge for labor does not go to the mechanic, but goes to defendant, and is pure and simple profiteering. There is no law authorizing any such charge".

In his brief and in argument, plaintiff's counsel admits that

"judgment should be rendered (in favor of defendant) for

the sum of $63.82."

The plaintiff has abandoned the claims set out in his supplemental petition.

The only contest is about the time consumed in doing the work and the price charged for doing the same.

I. As far as the time is concerned, the plaintiff supports it in the only manner which it can be supported, and that is by the "Time Cards" kept as part of the operations of his establishment, and by his testimony. The different mechanics, or the foreman, keep a record of the time devoted upon each piece or work, and repart the same to the book-keeper, who enters it upon cards, and these cards form the basis for the time charged. These cards, if not conclusive proof, are at least corroborative, and if supported by the testimony of mechanics, make full proof. It would be impossible for any owner of a shop to establish his claims, if he had to rely upon the memory of each mechanic, as to the time he worked upon several jobs after many months had elapsed. These cards should have been admitted in evidence, not to establish the demand by themselves, but to corroborate the testimony of the several mechanics whose time was recorded on those cards.

II. As far as the price charged is concerned, the testimony is that defendant paid his employees eighty or ninety cents and hour, work or no work, and that he charged the plaintiff $1.50 an hour for his own time and that of his employees. The evidence of Stanley Meric, a witness for plaintiff, of Fred Clomberg, Wilmer T. Morris, of N. L. Bird, Superintendent of the Auto Mechanics Department of Loyola University, all swear that such a charge is reasonable and customary. Such charges are indispensable, to meet overhead expenses of rent, installation, outfit, loss on contracts, and a fair compensation for capital invested and energy and enterprise engaged. Without such charge, shops would soon have to close their doors. Nor is a repair shop presumed to keep on hand all the parts that go to make up an automobile. Stores are there for that

398

purpose. When shops do not have the required pieces, the owners must go out and procure them. For that they are entitled to charge time.

A patient reading of the tedious and lengthy testimony of this case convinces us of the correctness of defendant's charges.

It is therefore ordered that the judgment herein be reversed and set aside; and it is now ordered that there be judgment in favor of Motor Parts Company; Joseph A. Opferkuch, proprietor, and against Meyer S. Dreifus, for the sum of One Hundred and Twenty 72/100 Dollars with five per cent per annum interest from March 20th, 1920 till paid, and all costs of this suit, with privilege and right of detention of the automobile sequestered herein; and that the writ of sequestration issued herein be set aside; it is further ordered that there be judgment in favor of Meyer S.Dreifus, recognizing him to be the owner of said automobile and entitling him to the possession thereof after the payment of the judgment herein in favor of the Motor Parts Company.

Judgment reversed.
April 10th, 1922.